UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
THOMAS GESUALDI, LOUIS BISIGNANO,
ANTHONY D'AQUILA, MICHAEL
O'TOOLE, BENNY UMBRA, JOSEPH A.
FERRARA, SR., FRANK H. FINKEL, MARC
HERBST, DENISE RICHARDSON, and
THOMAS F. CORBETT as Trustees and
fiduciaries of the Local 282 Welfare Trust
Fund, the Local 282 Pension Trust Fund, the
Local 282 Annuity Trust Fund, the Local 282
Job Training Trust Fund, and the Local 282
Vacation and Sick Leave Trust Fund,

**ORDER ADOPTING IN
PART REPORT AND
RECOMMENDATIONS**
14-CV-4212(ADS)(GRB)

Plaintiffs,

-against-

J.H. REID, GENERAL CONTRACTOR,

Defendant.
------------------------------------------------------------x

**APPEARANCES:**

**TRIVELLA & FORTE, LLP**
*Attorneys for the Plaintiffs*
1311 Mamaroneck Ave., Suite 170
White Plains, NY 10605
    By: Gina Elyse Nicotera, Esq.
        Jonathan Michael Bardavid, Esq., Of Counsel

**NO APPEARANCES:**

**J.H. REID, GENERAL CONTRACTOR**
*The Defendant*

**SPATT, District Judge:**

On July 9, 2014, the Plaintiffs Thomas Gesualdi, Louis Bisignano, Anthony

D'Aquila, Michael O'Toole, Benny Umbra, Joseph A. Ferrara, Sr., Frank H. Finkel,

Marc Herbst, Denise Richardson, and Thomas F. Corbett, as Trustees and fiduciaries of the Local 282 Welfare Trust Fund, the Local 282 Pension Trust Fund, the Local 282 Annuity Trust Fund, the Local 282 Job Training Trust Fund, and the Local 282 Vacation and Sick Leave Trust Fund (collectively, the "Plaintiffs" or the "Funds") commenced this action against the Defendant J.H. Reid, General Contractor (the "Defendant") under Section 502(g)(2) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") and Section 301 of the Labor Management Relations Act of 1947 ("LMRA"). The Plaintiffs seek to **recover** allegedly delinquent contributions that the Defendant was obligated to make to the Funds pursuant to terms of a collective bargaining agreement. In particular, the Plaintiffs seek damages under the statutes and the agreement, consisting of the unpaid contributions, prejudgment interest, liquidated damages, attorneys' fees and litigation costs.

The Defendant did not answer or otherwise respond to the complaint.

On August 11, 2014, the Plaintiffs filed an amended complaint, which added a cause of action for injunctive relief, namely, an order compelling the Defendant to submit its books and records for an audit and to pay any amounts that an audit may reveal to be due, together with related damages.

On September 16, 2014, the Clerk of the Court noted the Defendant's default.

On October 14, 2014, the Funds filed a motion for a default judgment.

On October 16, 2014, this Court referred the motion for a default judgment to United States Magistrate Judge Gary R. Brown for a recommendation as to

2

whether the motion for a default judgment should be granted, and if so, the relief to be awarded.

On August 12, 2015, Judge Brown issued a Report and Recommendation (the "R&R"), recommending that the Court deny without prejudice the motion for a default judgment. In particular, Judge Brown noted that the original complaint had been personally served upon the Defendant by serving process upon the New York Secretary of State, in accordance with Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 4 and relevant provisions of New York law.

However, the relief sought in the motion for a default judgment was based upon the amended complaint, which had only been mailed to the Defendant's corporate address in New Jersey. As Judge Brown correctly noted, under Fed. R. Civ. P. 5(a)(2), " 'a pleading that asserts a new claim for relief against [a party who is in default] must be served on that party under Rule 4.' " R&R at 5 (quoting Allstate Ins. Co. v. Yadgarov, 11-cv-6187, 2014 U.S. Dist. LEXIS 30068 (E.D.N.Y. Feb. 10, 2014) (Report and Recommendation), adopted, 2014 U.S. Dist. LEXIS 30067 (E.D.N.Y. Mar. 5, 2014)). Therefore, Judge Brown concluded that the amended complaint had not been properly served and the Plaintiffs had not satisfied the procedural prerequisites for entitlement to a default judgment.

Accordingly, Judge Brown recommended that the motion for a default judgment be denied, and the Clerk's entry of default against the Defendant be vacated. However, Judge Brown further recommended that the denial be without prejudice to the Plaintiffs' ability to seek a default judgment as to the original

3

complaint, or, in the alternative, as to the amended complaint, upon satisfying the appropriate procedural prerequisites.

On August 25, 2015, the Plaintiffs timely filed an objection to the R&R, in which they concede that they inadvertently failed to serve the amended complaint in accordance with Fed. R. Civ. P. 4. In this regard, the Plaintiffs contend that they mistakenly believed that their mailing of the amended complaint constituted good and proper service – a belief that allegedly was validated when the Clerk of the Court issued a Certificate of Default expressly indicating that the Defendant had failed to "file[ ] an Answer to the Amended Complaint." However, on August 17, 2015, promptly upon learning of their mistake, the Plaintiffs apparently effectuated proper service upon the Defendant by serving the amended complaint on the New York Secretary of State.

According to the Plaintiffs, they had no knowledge that their service of the amended complaint was deficient until Judge Brown issued his R&R. However, rather than challenge any of Judge Brown's findings of fact or conclusions of law, the Plaintiffs ask this Court to grant a *nunc pro tunc* extension of time to serve the amended pleading. In this regard, the Plaintiffs contend that their mistaken belief that the amended pleading had been duly served, coupled with their prompt efforts to cure the deficiency, constitute good cause for such relief. In addition, the Plaintiffs assert that the Defendant would not be prejudiced by such relief because it received notice of the action via service of the original complaint, and has taken no steps **to defend the action** for more than one year.

4

## I. Standard of Review

Where "the district court receives timely objections to [an] R&R, the court makes 'a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. [The district court] may accept, reject, modify, in whole or in part, the findings or recommendations made by the magistrate judge.'" Velasquez v. Metro Fuel Oil Corp., 12 F. Supp. 3d 387, 397 (E.D.N.Y. Mar. 31, 2014) (quoting 28 U.S.C. § 636(b)(1)(C)). "Portions of the R&R to which a party makes no objection are . . . reviewed for clear error." Id. (citing U.S. Flour Corp. v. Certified Bakery, Inc., 10-cv-2522, 2012 U.S. Dist. LEXIS 29896, at *6-*7 (E.D.N.Y. Mar. 6, 2012)).

## II. Discussion

### A. As to Whether the R&R Should be Adopted

At the outset, the Court notes that the Plaintiffs' so-called "objection" is not a true objection. The Plaintiffs do not specifically object to Judge Brown's findings of fact, nor do they challenge his application of the governing law. In fact, the Plaintiffs do not seek to have this Court reject or materially modify the R&R. On the contrary, the Plaintiffs acknowledge that they failed to make proper service, and in doing so, implicitly admit that the conclusion reached by Judge Brown was mandated under the circumstances. The Plaintiffs may dislike the consequences of the R&R, but they do not challenge its soundness.

In the Court's view, the Plaintiffs have not raised any particularized objection to the R&R. Therefore, pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72, the Court reviews the R&R for clear error, and finding none,

5

concurs in both its reasoning and its result. Accordingly, the Court adopts the August 12, 2015 Report and Recommendation to the extent that it recommends that the Plaintiffs' motion for a default judgment be denied. The Court notes that, consistent with Judge Brown's R&R, the denial is without prejudice to the Plaintiffs' ability to renew their motion once the applicable procedural prerequisites have been satisfied.

However, as discussed more fully below, for reasons that occured after Judge Brown issued his R&R, the Court declines to adopt the portion of the R&R which recommends vacating the Clerk's entry of default at this time.

**B.     As to the Plaintiffs' Request for a *Nunc Pro Tunc* Extension of Time For Service**

The Plaintiffs' submission, while not a valid objection under 28 U.S.C. § 636, can nonetheless reasonably be construed as a motion for an extension of time to serve the amended complaint *nunc pro tunc*. In this regard, Fed. R. Civ. P. 4(m) provides that:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for an appropriate period.

In this case, the amended complaint was filed on August 11, 2014. It is clear that the Defendant was not properly served within 120 days of that date, December 9, 2014. In fact, proper service had not been made prior to August 12, 2015, which fact formed the basis of the R&R. However, in light of Judge Brown's findings, the

6

Plaintiffs promptly took steps to cure the deficient service.  Considering all of the relevant facts, the Court finds that good cause has been shown to extend, *nunc pro tunc*, the time for service of the amended complaint until August 17, 2015, which is when the Defendant was properly served.

In reaching this conclusion, the Court can discern of no basis for rigidly applying Rule 4 to dismiss the amended complaint, and the Defendant, having failed to appear, has not provided one.  In this regard, the Court notes that the Defendant received notice of this action, and the facts upon which it is premised, as early as July 9, 2014, when the original complaint was properly served upon it.  The amended complaint added forms of relief, but did not materially alter the facts giving rise to the lawsuit.

Nevertheless, in response to the complaint, the Defendant failed to appear or take any steps to defend the claims against it.  Thereafter, on August 11, 2014, the Plaintiffs mailed a copy of the amended complaint to the Defendant's corporate address.  Although this mailing does not suffice as proper service under the Federal Rules, there is a strong probability that it resulted in the Defendant receiving notice that a second complaint had been filed against it.  The Defendant took no action in response to this mailing, or to the Clerk's Notice of Default on September 3, 2014 and the mailing of the Plaintiffs' motion for a default judgment on October 14, 2014.  Accordingly, it does not appear that the Defendant will suffer any prejudice by this *nunc pro tunc* extension.

In addition, the Plaintiffs acted promptly upon learning of the error, and properly served the amended complaint upon the Defendant within one week of the issuance of Judge Brown's R&R. See PH Int'l Trading Corp. v. Nordstrom, Inc., 07-cv-10680, 2009 U.S. Dist. LEXIS 27110, at *18-*19 (S.D.N.Y. Mar. 31, 2009) (granting application to extend the time for service under analogous provision of New York law where, as here, the plaintiff served the relevant documents upon the defendant "within weeks of discovering that it had not been served"). Accordingly, the Court finds that an extension of the time to serve the amended complaint is warranted.

Furthermore, because the Court deems the Plaintiffs' August 17, 2015 service timely, the Defendant had until September 7, 2015 to answer or otherwise respond to the pleading. See Fed. R. Civ. P. 12(a). Having failed to do so, the Court finds that the Defendant is in default. See Kondaur Capital Corp. v. Cajuste, 849 F. Supp. 2d 363 (E.D.N.Y. 2012) ("Even if the defendant is served pursuant to a state law method of service [*e.g.*, service upon the New York Secretary of State] . . . , the Second Circuit has established that 'under the plain terms of Federal Rule of Civil Procure 12(a), a defendant has twenty [now twenty-one] days from receipt of the summons to file an answer unless a federal statute provides otherwise'" (quoting Beller & Keller v. Tyler, 120 F.3d 21, 25-26 (2d Cir. 1997)). Therefore, the Clerk's entry of default, although originally issued upon a flawed premise, need not be vacated at this time.

### III. Conclusion

Based on the foregoing, the Court adopts the August 12, 2015 Report and Recommendation to the extent that it recommends denial without prejudice of the Plaintiffs' motion for a default judgment.

However, the Court finds that good cause has been shown to extend, *nunc pro tunc*, the time for service of the amended complaint until August 17, 2015.

Because the Defendant failed to timely answer or otherwise respond to the amended complaint, the Defendant is in default. Thus, the Court departs from the R&R insofar as it recommended vacating the Clerk's entry of default, finding no basis for doing so at this time.

The Plaintiffs are granted leave to renew their motion for a default judgment within thirty days of the date of this order.

**SO ORDERED**

Dated: Central Islip, New York  */s/ Arthur D. Spatt*
September 16, 2015  ARTHUR D. SPATT
United States District Judge