United States District Court
Eastern District of New York

FILED
CLERK
7/29/2016 2:04 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

--------------------------------------------------------------------------------x
Thomas Gesualdi, Louis Bisignano, Anthony D'Aquila, Michael O'Toole, Benny Umbra, Joseph A. Ferrara, Sr., Frank H. Finkel, Marc Herbst, Denise Richardson, and Thomas F. Corbett as Trustees and fiduciaries of the Local 282 Welfare Trust Fund, the Local 282 Pension Trust Fund, the Local 282 Annuity Trust Fund, the Local 282 Job Training Trust Fund, and the Local 282 Vacation and Sick Leave Trust Fund,

                Plaintiffs,

  -against-

J.H. Reid, General Contractor,

                Defendant.
--------------------------------------------------------------------------------x

ORDER
14-cv-4212(ADS)(GRB)

APPEARANCES:

**Trivella & Forte LLP**
*Attorneys for the Plaintiffs*
1311 Mamaroneck Ave., Suite 170
White Plains, NY 10605
    By:    Gina E. Nicotera, Esq.
           Jonathan M. Bardavid, Esq., Of Counsel

**Tobia & Sorger, LLC**
*Attorneys for the Defendant*
500 Supor Blvd.
Harrison, NJ 07029
    By:    Ronald L. Tobia, Esq., Of Counsel

**SPATT, District Judge:**

On July 9, 2014, the Plaintiffs Thomas Gesualdi, Louis Bisignano, Anthony D'Aquila, Michael O'Toole, Benny Umbra, Joseph A. Ferrara, Sr., Frank H. Finkel, Marc Herbst, Denise Richardson, and Thomas F. Corbett, as trustees and fiduciaries of the Local 282 Welfare Trust Fund, the Local 282 Pension Trust Fund, the Local 282 Annuity Trust Fund, the Local 282 Job Training Trust Fund, and the Local 282 Vacation and Sick Leave Trust Fund (collectively, the "Plaintiffs" or the "Funds") commenced this action against the Defendant J.H. Reid, General Contractor (the "Defendant") under

1

Section 502(g)(2) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") and Section 301 of the Labor Management Relations Act of 1947 ("LMRA").

The Plaintiffs sought to recover allegedly delinquent contributions that the Defendant was obligated to make to the Funds pursuant to the terms of a collective bargaining agreement. In particular, the Plaintiffs sought damages under the statutes and the agreement, consisting of the unpaid contributions, prejudgment interest, liquidated damages, attorneys' fees and litigation costs.

The Defendant did not answer or otherwise respond to the complaint.

On August 11, 2014, the Plaintiffs filed an amended complaint, which added a cause of action for injunctive relief, namely, an order compelling the Defendant to submit its books and records for an audit and to pay any amounts that an audit may reveal to be due, together with related damages.

On September 16, 2014, the Clerk of the Court noted the Defendant's default.

On October 14, 2014, the Funds filed a motion for a default judgment.

On October 16, 2014, this Court referred that motion to United States Magistrate Judge Gary R. Brown for a recommendation as to whether it should be granted, and if so, the relief to be awarded.

On August 12, 2015, Judge Brown issued a Report and Recommendation (the "First R&R"), recommending that the Court deny without prejudice the motion for a default judgment. In particular, Judge Brown noted that, under Fed. R. Civ. P. 5(a)(2), a pleading that asserts a new claim for relief against a party who is in default must be personally served on that party under Rule 4. Therefore, Judge Brown concluded that the amended complaint had not been properly served and the Plaintiffs had not satisfied the procedural prerequisites for entitlement to a default judgment.

On August 25, 2015, the Plaintiffs timely filed an objection to the First R&R.

On September 16, 2015, upon due consideration of the Plaintiffs' objection, this Court issued an order adopting the First R&R to the extent that it recommended denial without prejudice of the Plaintiffs' motion for a default judgment. However, the Court found that good cause had been

shown to extend, *nunc pro tunc*, the time for service of the amended complaint until August 17, 2015, and declined to vacate the Clerk's entry of default.

The Court granted the Plaintiffs leave to renew their motion for a default judgment within thirty days of the date of that Order. Consistent with the Court's directives, on September 23, 2015, the Plaintiffs filed a renewed motion.

On September 24, 2015, the Court again referred this matter to Magistrate Judge Brown for a recommendation as to whether the Plaintiffs' renewed motion for a default judgment should be granted, and if so, the damages to be awarded.

On October 15, 2015, while the motion for a default judgment was on submission, attorney Ronald L. Tobia, Esq., filed a notice of appearance on behalf of the Defendant. However, for more than eight months, Mr. Tobia did not seek to vacate the default entered against the Defendant; to interpose an answer or other response to the complaint; or to oppose the motion for entry of a default judgment.

On June 29, 2016, Judge Brown issued a second Report and Recommendation (the "Second R&R"), recommending that: (i) the renewed motion for entry of a default judgment be granted; (ii) damages in the total amount of $1,030,265.28, representing unpaid contributions, accrued interest, liquidated damages, attorneys' fees, and costs, be awarded to the Plaintiffs; (iii) continuing *per diem* interest at the rate of $291.74, from October 1, 2014 until judgment is entered, also be awarded; and (iv) the portion of the motion seeking injunctive relief be denied.

On June 30, 2016, the Plaintiffs filed an affidavit by Michelle Salerno, stating that copies of the Second R&R had been duly served upon the Defendant and Mr. Tobia at his law firm.

On July 13, 2016, one day before the expiration of the deadline for filing objections, Mr. Tobia filed a letter motion addressed to Judge Brown requesting a four-week extension of time to object to the Second R&R. By electronic order dated July 14, 2016, this Court granted in part and denied in part Mr. Tobia's request, stating that:

3

> The Defendant has already had two weeks to file objections to Judge Brown's R&R, and the Court finds that an additional four-week extension is not warranted under the circumstances. A modest and <u>final</u> two-week extension, until 7/28/16, is granted.

(emphasis supplied).

The extended deadline to file objections, namely, July 28, 2016, passed without any party filing a timely objection to the Second R&R.

Despite the Court's clear indication that the two-week extension previously granted to the Defendant was "final," on July 29, 2016, after the expiration of the extended deadline, Mr. Tobia filed a second letter motion, again addressed to Judge Brown, seeking a further extension of time to file objections to the Second R&R. In support of this request, Mr. Tobia set forth the same reasons he offered in his July 13, 2016 request, which the Court expressly found insufficient to justify more than a two-week delay. Having failed to otherwise meaningfully participate in the more than two-year history of this case, the Court discerns no basis for granting Mr. Tobia's present request for an additional week to "review the issues in this matter." His letter motion is denied.

Pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72, the Court has reviewed the Second R&R for clear error, and finding none, now concurs in both its reasoning and its result.

Therefore, the June 29, 2016 Report and Recommendation is adopted in its entirety, and the Plaintiffs' motion for a default judgment is granted as set forth therein. The Clerk of the Court is respectfully directed to enter judgment in favor of the Plaintiffs consistent with this Order and to close the case.

It is **SO ORDERED.**

Dated: Central Islip, New York
July 29, 2016         /s/ Arthur D. Spatt
                      ARTHUR D. SPATT
                      United States District Judge